UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


MIKE A. LEE                                                PLAINTIFF


VS.                                  CIVIL ACTION NO. 3:10CV716TSL-MTP


PATRICK R. DONAHOE,
POSTMASTER GENERAL                                          DEFENDANT


MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendant
Patrick R. Donahoe to dismiss pursuant to Rules 12(b)(6), 12(e)
and 8(a) of the Federal Rules of Civil Procedure.  Plaintiff Mike
A. Lee, who is proceeding in this cause pro se, has not responded
to the motion.  The court, having considered the memorandum of
authorities submitted by defendant in support of the motion,
concludes the motion is well taken and should be granted.

    Defendant argues that while plaintiff's complaint charges
discrimination in his former employment with the United States
Postal Service (USPS), the complaint (1) does not adequately set
forth the basis for jurisdiction, as required by Rule 8(a)(2), and
(2) does not contain any factual averments from which an inference
of discrimination may be drawn and hence is insufficiently pled
under the Rule 12(b)(5) pleading standards articulated in Bell
Atlantic v. Twombley, 550 U.S. 544, 127 S. Ct. 1955 (2007), and
Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937 (2009).

Defendant characterizes plaintiff's complaint as "so threadbare of facts that it is impossible to determine what this case is about by reading the complaint."  According to defendant, plaintiff's complaint "fails to define the type of discrimination being alleged" or "the nature of any conduct on the part of the Defendant which is alleged to have been discriminatory."   A review of the complaint reveals the following allegations: Plaintiff is a disabled veteran who was employed with the United States Postal Service.  He advised the Postal Service of his disabling condition and resulting restrictions and requested accommodation in the form of light duty or limited duty assignment, but the Postal Service, without regard to his veterans preference, refused to provide the requested accommodation and instead "forced [him] off his position in seeking retirement at a early time in his life."

To withstand a challenge under Rule 12(b)(6) to the sufficiency of his complaint, plaintiff "need not plead a prima facie case, [but] [he] must provide grounds demonstrating an entitlement to relief that are more than 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.' [He] must plead "enough facts to state a claim to relief that is plausible on its face." Dark v. Potter, 293 Fed. Appx. 254, 258, 2008 WL 3911077, 3 (5th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929

(2007)); <u>Twombly</u>, 550 U.S. 544, 127 S. Ct. at 1965 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

In the case at bar, plaintiff alleges he is a disabled veteran and that defendant, aware of his condition and resulting limitations, failed to provide accommodations by placing him on light or limited duty and forced him to retire; but he does not identify the nature of his alleged disability or the limitations it imposes on him.  In <u>Dark</u>, <u>supra</u>, the Fifth Circuit affirmed the district court's Rule 12(b)(6) dismissal of a similar complaint. The plaintiff in <u>Dark</u> alleged she suffered from a disability and that the USPS discriminated against her because of her physical disability and that it "refused to honor [her] medical restrictions as a service-connected disabled veteran and injuries from an occupational on-the-job injury."  <u>Dark</u>, 2008 WL 3911077, at 3.  Like the plaintiff herein, Dark did not state the nature of her disability or its imposed limitations on her life.  <u>Id</u>.  The court stated, "[S]he pleads no facts giving 'fair notice of the nature of the claim' and simply concludes the USPS refused to accommodate her.  She pleads no facts regarding how she is

otherwise qualified or implying that she was discriminated against

due solely to her alleged disability.  While complaints are

liberally construed, we need not accept as true these largely

conclusory allegations." Id.  In the court's opinion, plaintiff's

complaint herein is comparable to the plaintiff's complaint in

Dark, and the court perceives no basis for a different result in

this case.[1]

    Even if the complaint were not subject to dismissal under

Rule 12(b)(6), defendant has asserted plaintiff's failure to

exhaust administrative remedies as an alternative basis for

dismissal.  Plaintiff's putative disability discrimination claim,

presumably brought under the Rehabilitation Act, 29 U.S.C. § 791

---

[1]    Plaintiff's allegation that the USPS disregarded his
veterans preference in refusing accommodation for his disability
would appear to be merely part of his disability discrimination
claim and not an effort to assert a separate claim for violation
of the Veterans Preference Act, 5 U.S.C. § 3330.  However, the
court would have no jurisdiction over a claim under the Veterans
Preference Act even if plaintiff had intended to assert such a
claim, since it does not appear plaintiff ever sought review of an
alleged violation before the Merit Systems Protection Board
(MSPB), a prerequisite to filing an action in district court.  See
5 U.S.C. §§ 3330a(a)(2)(A), (d)(1) (providing that preference
eligible veteran challenging adverse employment action must first
file complaint with Secretary of Labor within 60 days of alleged
violation, and may appeal to MSPB if claim is not resolved within
60 days); § 3330b(a) (providing that complainant may bring action
in federal district court only if he first terminates the appeal
to the MSPB, which election cannot be made before the 121st day
after the date the appeal was filed with the MSPB); see also Lane
v. Potter, 699 F. Supp. 2d 358, 364 (D. Mass. 2010) (court lacked
jurisdiction to address any alleged violation of Veterans
Preference Act where plaintiff did not timely file MSPB appeal).

*et seq.*,[2] is subject to "'the same procedural constraints (administrative exhaustion, etc.) set forth in Title VII of the Civil Rights Act....'"  Smith v. Potter, 400 Fed. Appx. 806, 811, 2010 WL 4009874, 4 (5th Cir. 2010) (quoting Prewitt v. United States Postal Serv., 662 F.2d 292, 304 (5th Cir. Unit A 1981)). "[U]nder the Rehabilitation Act, an employee can only pursue judicial relief by one procedural path.  As a precondition to bringing an action in federal court, a complaining employee 'must exhaust their administrative remedies by filing [the] charge of discrimination with the EEO division of their agency.'" Id. (quoting Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006)). As defendant has presented unrefuted evidence that plaintiff never filed a complaint of discrimination with the USPS's Equal Opportunity Office, plaintiff's complaint is due to be dismissed on account of his failure to exhaust administrative remedies.

For the foregoing reasons, it is ordered that plaintiff's complaint is dismissed with prejudice.

SO ORDERED this 18th day of July, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2]  Since no claim against the USPS is permitted under the ADA, Smith v. Potter, 400 Fed. Appx. 806, 812, 2010 WL 4009874, 5 (5th Cir. 2010), the court presumes his claim is brought under the Rehabilitation Act.